UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: BARCLAYS LIQUIDITY CROSS AND
HIGH FREQUENCY TRADING LITIGATION  MDL No. 2589

TRANSFER ORDER

**Before the Panel:**[*] Defendants Barclays PLC and Barclays Capital Inc. (collectively Barclays) move under 28 U.S.C. § 1407 to centralize this litigation in the Southern District of New York. The litigation consists of the five actions listed on Schedule A. Four of those actions are already pending in the Southern District of New York, and have been consolidated for all purposes. The fifth action (*Great Pacific Securities*) is pending in the Central District of California.

The parties' positions on the Section 1407 motion vary. Lead plaintiffs (a/k/a "Institutional Investor Plaintiffs")[1] in the consolidated action support centralization in the Southern District of New York. The "Exchange defendants,"[2] which are not sued in the California action, state that they take no position on the relatedness of the claims against Barclays, and that they responded to preserve their rights to argue that the claims against Barclays in the consolidated action should be severed. If we order centralization, the Exchange defendants argue we should select the Southern District of New York as transferee district. Finally, the *Great Pacific Securities* plaintiff opposes centralization altogether.

The consolidated action and the *Great Pacific Securities* action share allegations concerning the operation of the Barclays Liquidity Cross or "LX" dark pool.[3] Plaintiffs in both actions assert that Barclays misrepresented the LX dark pool as a safe haven for investors – a place insulated from

---

[*] Judge Charles R. Breyer and Judge Ellen Segal Huvelle took no part in the decision of this matter.

[1] City of Providence, Rhode Island; Plumbers and Pipefitters National Pension Fund; Employees' Retirement System of the Government of the Virgin Islands; State-Boston Retirement System; and Första Ap-Fonden.

[2] The Exchange defendants, which are all the other defendants named in the consolidated S.D. New York action, are BATS Global Markets, Inc., Chicago Stock Exchange, Inc., Direct Edge ECN, LLC, The NASDAQ Stock Market LLC, NASDAQ OMX BX, Inc., New York Stock Exchange, LLC, and NYSE Arca, Inc.

[3] Dark pools are private exchanges or forums for trading securities.

A CERTIFIED COPY
RUBY J. KRAJICK, CLERK
BY _____
Deputy Clerk

-2-

aggressive and predatory high frequency trading (HFT) practices. In reality, according to the complaints, Barclays actively courted HRT firms for the dark pool, providing them with material non-public information and associated perks that gave them an unfair advantage over other traders.[4]

In opposing centralization, the *Great Pacific Securities* plaintiff argues that its action does not involve the Exchange Defendants and that it has brought only California law claims, which unlike the New York federal securities law actions, are not subject to the strictures of the Private Securities Litigation Reform Act. Plaintiff further contends that there are, in reality, only two actions before us and thus alternatives to centralization are preferable to creation of an MDL. We find these arguments unconvincing. As we have stated repeatedly, Section 1407 does not require a complete identity or even a majority of common factual issues as a prerequisite to centralization. *See In re Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.*, 780 F. Supp. 2d 1379, 1381 (J.P.M.L. 2011) (citing cases). The statute also does not require a complete identity of claims or parties. *See In re: Bank of New York Mellon Corp. Foreign Exch. Transactions Litig.*, 857 F. Supp. 2d 1371, 1373 (J.P.M.L. 2012).[5] Finally, even though there are just two actions before us, we are not convinced, in these circumstances, that alternatives to centralization are preferable to creation of an MDL. The common factual issues here are sufficiently complex, and the *Great Pacific Securities* plaintiff, a large and sophisticated financial services firm, does not seriously dispute that the nexus of this litigation lies squarely in New York City.

Accordingly, on the basis of the papers filed and the hearing session held, we find that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. As explained above, these actions, both of which are putative nationwide class actions, share factual issues arising from allegations that Barclays misrepresented its LX dark pool as a safe haven insulated from high frequency traders. Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings on class certification and other issues, and conserve the resources of the parties, their counsel, and the judiciary.

After weighing all relevant factors, we select the Southern District of New York as transferee district for this litigation. Barclays represents that virtually all of its employees responsible for operating, maintaining, and marketing the LX dark pool are based in Barclays' New York City office, and that many of the documents related to the operation and marketing of LX are located there. The Honorable Jesse M. Furman, to whom we assign the litigation, has been moving the consolidated

---

[4] For example, both complaints allege that Barclays disclosed to HFT firms such things as the routing logic of Barclays' order router, the percentage of Barclays' internal order flow that was first directed into the LX dark pool, and a breakdown of trades executed in the dark pool by participant type and "toxicity" level.

[5] We have centralized other litigations in which some cases involve federal securities law claims, and one or more others do not. *E.g., In re: JP Morgan Auction Rate Sec. (ARS) Mktg. Litig.*, 717 F. Supp. 2d 1374 (J.P.M.L. 2010).

-3-

action forward, and we have no doubt that he will steer this MDL on a prudent course. IT IS THEREFORE ORDERED that the action listed on Schedule A and pending outside the Southern District of New York is transferred to the Southern District of New York, and, with the consent of that court, assigned to the Honorable Jesse M. Furman for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| Marjorie O. Rendell | Lewis A. Kaplan |
| R. David Proctor | Catherine D. Perry |

IN RE: BARCLAYS LIQUIDITY CROSS AND
HIGH FREQUENCY TRADING LITIGATION                    MDL No. 2589

## SCHEDULE A

Central District of California

GREAT PACIFIC SECURITIES v. BARCLAYS PLC, ET AL., C.A. No. 8:14-01210

Southern District of New York

CITY OF PROVIDENCE, RHODE ISLAND v. BATS GLOBAL
    MARKETS, INC., ET AL., C.A. No. 1:14-02811
AMERICAN EUROPEAN INSURANCE COMPANY v. BATS
    GLOBAL MARKETS, INC., ET AL., C.A. No. 1:14-03133
HAREL INSURANCE CO, LTD. v. BATS GLOBAL
    MARKETS, INC., ET AL., C.A. No. 1:14-03608
FLYNN, ET AL. v. BANK OF AMERICA CORPORATION, ET AL.,
    C.A. No. 1:14-04321