UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re:

BARCLAYS LIQUIDITY CROSS AND
HIGH FREQUENCY TRADING
LITIGATION

This Document Relates To:

*City of Providence, Rhode Island, et al. v.
BATS Global Markets, Inc., et al.,* No. 1:14-cv-02811-JMF

---------------------------------------------------------------x

Case No. 14-MD-2589 (JMF)

SURREPLY MEMORANDUM IN
FURTHER SUPPORT OF LEAD
PLAINTIFFS' OMNIBUS MEMORANDUM
OF LAW IN OPPOSITION TO
DEFENDANTS' MOTIONS TO DISMISS

1031919_1

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ...................................................................................................1

II.   ARGUMENT..........................................................................................................1

    A.   The Exchanges' Reliance on *Lanier* Is Misplaced ....................................1

    B.   The Recent Opinion in *Strougo* Supports Plaintiffs' Allegations Against Barclays....................................................................................................3

    C.   The Exchanges' Recent Arguments Before the SEC Further Demonstrate Their Absolute Immunity Argument Fails.............................................4

III.   CONCLUSION.......................................................................................................5

**I.      INTRODUCTION**

Lead Plaintiffs respectfully submit this Surreply in further support of their Omnibus Memorandum of Law in Opposition to Defendants' Motions to Dismiss ("Opposition") to address additional legal decisions issued and administrative developments that occurred after plaintiffs' March 24, 2015 Opposition filing.

**II.     ARGUMENT**

**A.      The Exchanges' Reliance on *Lanier* Is Misplaced**

The Exchanges cite *Lanier v. BATS Exchange, Inc.*, Nos. 14-cv-3745(KBF), -3865 and -3866, 2015 WL 1914446 (S.D.N.Y. Apr. 28, 2015), countless times in support of their Reply[1] and argue that the two cases involve "substantially similar challenges to market structure." Reply at 2. In reality, plaintiffs' claims are significantly different in key respects from the claims asserted in *Lanier*. Most importantly, *Lanier* concerned a contract between Harold Lanier and the Exchanges, whereby he paid the Exchanges to provide him with Securities Information Processor ("SIP") data, and ***not*** the "alternative" or "proprietary" data at issue in this case. Indeed, "the 'gravamen' of [Lanier's] claims . . . is that 'by providing earlier access to the data to Preferred Data Customers [as compared to SIP customers, such as Mr. Lanier] . . . the Exchange Defendants breached the Contracts . . . because they deprived [SIP] Subscribers of the value for which they contracted.'" *Lanier*, 2015 WL 1914446, at *2 (citation omitted). In other words, the *Lanier* case is about the SIP feed, which, as Judge Forrest noted and as plaintiffs readily acknowledge, was promulgated through Regulation NMS and is overseen by the Securities and Exchange Commission ("SEC"). *See* Opposition at 33 ("these alternative data feeds are separate and distinct from the SIP feed that is

---

[1]   Reply Memorandum of Law in Support of the Exchanges' Motion to Dismiss the Second Consolidated Amended Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Dkt. No. 28) ("Reply").

regulated by Reg NMS"). In stark contrast, this case is about the Exchanges' use and provision of three manipulative schemes, including complex order types, co-location services and the transmittal of "non-core," "alternative," or "proprietary" data feeds. In light of this significant factual distinction and given that Judge Forrest made it clear that her decision in *Lanier* "turn[ed] principally on the characterization of Lanier's claims" (2015 WL 1914446, at \*10), the Exchanges' extensive reliance on this opinion is wholly misplaced.

*Lanier* also differs in another key respect – "Lanier does not assert any claims under federal law." *Id*. at \*1. Instead, Mr. Lanier's claims rested exclusively on state law breach of contract theories. *Id.* at \*1-\*2, \*6. As Judge Forrest made clear, the central question of whether a federal regulatory scheme "preempts Lanier's state law breach of contract claims . . . turns principally on the characterization of Lanier's claims." *Id.* at \*10. Given that "success for Lanier on his breach contract claims would create a conflict between federal law . . . and state law," Judge Forrest determined that Lanier's claims were preempted. *Id.* Thus, *Lanier* did not even address the central issue triggered by the Exchanges' jurisdictional argument here – whether plaintiffs have demonstrated that this Court is the appropriate venue to hear plaintiffs' market manipulation claim arising under §10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and SEC Rule 10b-5.

The "comprehensive federal regulatory scheme" contemplated in *Lanier* and espoused by the Exchanges simply does not bar this Court from adjudicating plaintiffs' claims. Here, plaintiffs' market manipulation claim under the Exchange Act alleges a quintessential fraudulent scheme under Rule 10b-5(a) and (c) whereby the Exchanges, in efforts to further their private and competitive business interests and drive order flow to their respective trading venues, manipulated the price of securities through a combination of practices including the use of proprietary data feeds, co-location services and often undisclosed or otherwise deceptively characterized complex order types. Whether

the SEC "approved" certain aspects of some of these services individually (whether informed about the full functionality of the services and their impact or not) does not "deprive this Court of jurisdiction over Plaintiffs' claims" (Reply at 3), where the Exchanges' manipulative acts as a whole constitute a scheme to defraud under the Exchange Act. *See, e.g.*, *In re Facebook, Inc., IPO & Sec. & Derivative Litig.*, 986 F. Supp. 2d 428, 451 n.11 (S.D.N.Y. 2013) ("That the SEC approved this proposed technology 'does not automatically convert NASDAQ's conduct into an immunized regulatory function.'") (quoting *Opulent Fund, L.P. v. Nasdaq Stock Mkt., Inc.*, No. C-07-03683 RMW, 2007 WL 3010573, at *5 (N.D. Cal. Oct. 12, 2007)).

      **B.    The Recent Opinion in *Strougo* Supports Plaintiffs' Allegations Against Barclays**

Judge Scheindlin's April 24, 2015 opinion in *Strougo v. Barclays PLC*, No. 14-cv-5797 (SAS), 2015 WL 1883201 (S.D.N.Y. Apr. 24, 2015), provides additional support to plaintiffs' Opposition on two central issues raised in Barclays' motion to dismiss – Barclays' motion to strike the allegations based on New York Attorney General ("NYAG") Eric Schneiderman's complaint, and Barclays' intent to defraud. First, Judge Scheindlin's decision in *Strougo* unequivocally found, in an action where plaintiffs allege that "Barclays intentionally falsified marketing materials and made other false statements about the safeguards of LX to increase its market share," that plaintiffs are entitled to rely on the very same allegations from the NYAG complaint upon which plaintiffs rely here. *Id.* at *1, *6-*7. Second, Judge Scheindlin found that the misrepresentations regarding LX were material and that Barclays acted with the requisite scienter because of "strong circumstantial evidence of conscious misbehavior . . . on the part of [Barclays' Head of Equities Electronic Trading]," which was "properly imputed to Barclays." *Id.* at *12.

### C. The Exchanges' Recent Arguments Before the SEC Further Demonstrate Their Absolute Immunity Argument Fails

In arguing plaintiffs' claims are barred by the doctrine of absolute immunity, the Exchanges posit in their Reply that plaintiffs "directly attack the Exchanges' performance of their duties under the Exchange Act and Regulation NMS." Reply at 6. In a recent hearing before the SEC addressing the limited request to set aside certain of the Exchanges' rule changes regarding the provision of proprietary market data, however, defendants NASDAQ and NYSE Arca argued that the exorbitant fees they charge for such data **had nothing to do with their regulatory duties**, but rather were necessary because they compete fiercely with brokerages (including those that operate dark pools) for order flow and with each other and defendant BATS for data customers.[2] For example, NASDAQ's senior managing director for global data products, Oliver Albers, explained:

> [T]he company [NASDAQ] has to constantly innovate to keep up with competing exchanges and other firms, including the New York Stock Exchange.
>
> \*   \*   \*
>
> He said large firms – who pay the most for Nasdaq's depth-of-book data products – have a huge amount of negotiating power. The 5 percent of data customers who use the most data, who pay as much as $70,000 a month for access, also account for about 90 percent of trades and can always walk away, taking their order volume with them.[3]

The sale of enhanced data feeds to the Exchanges' most profitable customers in a highly competitive market functions to increase trading and reward higher paying customers with better market data – it is not a regulatory duty under the Exchange Act. *See, e.g.*, *Opulent Fund*, 2007 WL

---

[2] Sarah N. Lynch, Exchanges, *SIFMA go to SEC trial in battle over market data fees*, Reuters, Apr. 20, 2015, *available at* http://www.reuters.com/article/2015/04/20/us-exchange-fees-hearing-idUSKBN0NB27720150420).

[3] Michael Macagnone, *Nasdaq Defends Pricing Of Market Data In Duel With SIFMA*, Law 360, Apr. 21, 2015, *available at* http://www.law360.com/articles/646266/nasdaq-defends-pricing-of-market-data-in-duel-with-sifma.

3010573, at *5 (finding that NASDAQ's "pricing conduct" is much less "'quintessentially regulatory'" than behavior such as deciding to suspend trading and "does not function to protect investors; instead, Nasdaq's actions function to create a market and increase trading") (citation omitted); *id.* (noting that "actions taken to 'increase trading volume' are non-regulatory") (citation omitted).  And although she did not reach the issue specifically, Judge Forrest's opinion in *Lanier* likewise casts serious doubt upon whether the Exchanges are entitled to immunity for their provision of proprietary data feeds to elite paying customers:

> Defendants argue that Lanier's suits concern their regulatory activities, and that for this reason they are entitled to absolute immunity from the suits.  However, in the Court's view, it is a rather difficult question whether the conduct at issue here is truly ***regulatory*** (for example, involving the interpretation of the securities laws or the enforcement of security rules), as opposed to merely being ***regulated*** conduct.  The fact that an SRO has authority to regulate an activity does not imply that the SRO is acting as a regulator when it itself engages in that same activity.  That is, it is not clear that the SROs' transmission of data to paying clients is a regulatory act.

*Lanier*, 2015 WL 1914446, at *11 n.4 (emphasis in original).  Indeed, these services clearly are ***not*** core regulatory functions – they are admittedly subject to enormous competitive pressures, designed to drive trading volume to the Exchanges' markets, are reserved for the Exchanges' top-paying high frequency trading customers and out of the reach of the majority of investors.

## III.   CONCLUSION

For all of the foregoing additional reasons, as well as those set forth in their Opposition, plaintiffs respectfully request defendants' motions to dismiss be denied.

DATED:  May 22, 2015                     Respectfully submitted,

                                         ROBBINS GELLER RUDMAN
                                           & DOWD LLP
                                         ANDREW J. BROWN
                                         DAVID W. MITCHELL
                                         BRIAN O'MARA
                                         LONNIE A. BROWNE

                                                 s/ ANDREW J. BROWN
                                                 ANDREW J. BROWN

- 5 -

1031919_1

600 West Broadway
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
andrewb@rgrdlaw.com
susant@rgrdlaw.com
davidm@rgrdalw.com
bomara@rgrdlaw.com
lbrowne@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
VINCENT M. SERRA
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
vserra@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
PATRICK J. COUGHLIN
RANDI BANDMAN
30 Vesey Street, Suite 200
New York, NY 10007
Telephone: 212/693-1058
patc@rgrdlaw.com
randib@rgrdlaw.com

MOTLEY RICE LLC
JOSEPH F. RICE
WILLIAM H. NARWOLD
ANN K. RITTER
DAVID P. ABEL
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Telephone: 843/216-9000
843/216-9450 (fax)
jrice@motleyrice.com
bnarwold@motleyrice.com
aritter@motleyrice.com
dabel@motleyrice.com

> MOTLEY RICE LLC
> DONALD A. MIGLIORI
> REBECCA KATZ
> 600 Third Avenue, Suite 2101
> New York, NY  10016
> Telephone:  212/577-0040
> 212/577-0054 (fax)
> dmigliori@motleyrice.com
> rkatz@motleyrice.com
>
> LABATON SUCHAROW LLP
> CHRISTOPHER J. KELLER
> JOEL H. BERNSTEIN
> MICHAEL W. STOCKER
> 140 Broadway
> New York, NY  10005
> Telephone: 212/907-0700
> 212/818-0477 (fax)
> ckeller@labaton.com
> jbernstein@labaton.com
> mstocker@labaton.com
>
> Co-Lead Counsel for Plaintiffs in *City of Providence, Rhode Island, et al. v. BATS Global Markets, Inc., et al.,* No. 1:14-cv-02811-JMF

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 22, 2015, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 22, 2015.

        s/ ANDREW J. BROWN
        ANDREW J. BROWN

        ROBBINS GELLER RUDMAN
            & DOWD LLP
        655 West Broadway, Suite 1900
        San Diego, CA  92101-8498
        Telephone:  619/231-1058
        619/231-7423 (fax)

        E-mail:  andrewb@rgrdlaw.com

## Mailing Information for a Case 1:14-md-02589-JMF

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Patricia I. Avery**
  pavery@wolfpopper.com

- **Randi Dawn Bandman**
  randib@rgrdlaw.com

- **Alexander E. Barnett**
  abarnett@cpmlegal.com,lconcepcion@cpmlegal.com

- **Joel H. Bernstein**
  jbernstein@labaton.com,ElectronicCaseFiling@labaton.com,lmehringer@labaton.com,smundo@labaton.com,sauer@labaton.com

- **George Anthony Borden**
  gborden@wc.com

- **Francis A Bottini , Jr**
  fbottini@bottinilaw.com

- **Andrew J. Brown**
  andrewb@rgrdlaw.com,nhorstman@rgrdlaw.com,ldeem@rgrdlaw.com

- **Albert Y Chang**
  achang@bottinilaw.com

- **Albert Yong Chang**
  achang@cfsblaw.com,sammirati@bottinilaw.com,ykolesnikov@bottinilaw.com

- **Patrick Joseph Coughlin**
  patc@rgrdlaw.com

- **Douglas Randall Cox**
  dcox@gibsondunn.com,aarias@gibsondunn.com,smartin@gibsondunn.com,MAO@gibsondunn.com

- **Steven M.. Farina**
  sfarina@wc.com

- **John Joseph Hughes , III**
  hughesj@sullcrom.com,s&cmanagingclerk@sullcrom.com,john.j.hughes@gmail.com

- **Michael Robert Huston**
  mhuston@gibsondunn.com

- **Fred Taylor Isquith**
  fisquith@lshllp.com

- **Seth L. Levine**
  slevine@levinelee.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,lpvega@pomlaw.com

- **Joshua C. Littlejohn**
  jlittlejohn@motleyrice.com

- **Joseph C. Lombard**
  jlombard@mmlawus.com

- **Felicia Yvonne Mann**
  fmann@labaton.com

- **Francis Paul McConville**
  fmcconville@labaton.com

- **Brent James McIntosh**
  McIntoshB@sullcrom.com,s&cmanagingclerk@sullcrom.com

- **David W. Mitchell**
  davidm@rgrdlaw.com,slandry@rgrdlaw.com,SJodlowski@rgrdlaw.com

- **Mark Cotton Molumphy**
  mmolumphy@cpmlegal.com,mkeilo@cpmlegal.com,rbarghi@cpmlegal.com,bschnarr@cpmlegal.com,obacigalupi@cpmlegal.com,jacosta@cpmlegal.com

- **James Alwin Murphy**
  jmurphy@mmlawus.com

- **William H. Narwold**
  bnarwold@motleyrice.com,vlepine@motleyrice.com,kweil@motleyrice.com,ajanelle@motleyrice.com

- **Nanci E. Nishimura**
  nnishimura@cpmlegal.com,palmasi@cpmlegal.com,jbloch@cpmlegal.com,iatkinsonyoung@cpmlegal.com

- **Kevin Patrick O'Brien**
  kobrien@cpmlegal.com

- **Barry M. Okun**
  bokun@labaton.com,electroniccasefiling@labaton.com

- **Jessica L. Pahl**
  JLPahl@wc.com

- **Christos Papapetrou**
  cpapapetrou@levinelee.com

- **Adam S Paris**
  parisa@sullcrom.com

- **Lesley Frank Portnoy**
  LPortnoy@glancylaw.com

- **Fei-Lu Qian**
  fqian@wolfpopper.com

- **Andrew Hunter Reynard**
  reynarda@sullcrom.com,s&cmanagingclerk@sullcrom.com

- **Joseph F. Rice**
  jrice@motleyrice.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,mblasy@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Joshua Wolf Ruthizer**
  jruthizer@wolfpopper.com,cdunleavy@wolfpopper.com

- **Joshua H Saltzman**
  jsaltzman@kaplanfox.com

- **Ira A. Schochet**
  ischochet@labaton.com,electroniccasefiling@labaton.com

- **Matthew Alexander Schwartz**
  schwartzmatthew@sullcrom.com,s&cmanagingclerk@sullcrom.com

- **Jeffrey T. Scott**
  scottj@sullcrom.com,s&cmanagingclerk@sullcrom.com

- **Theodore R. Snyder**
  Theodore.Snyder@mmlawus.com

- **Victor E. Stewart**
  victornj@ix.netcom.com

- **Elizabeth Tran**
  etran@cpmlegal.com

- **Chet Barry Waldman**
  cwaldman@wolfpopper.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Joseph            Winters Cotchett
Cotchett Pitre and McCarthy
San Francisco Airport Office Center
840 Malcolm Road  Suite 200
Burlingame, CA 94010

Brian             O. O'Mara
Robbins Geller Rudman & Dowd LLP (SANDIEGO)
655 West  Broadway
Suite  1900
San Diego, CA 92101
```