**Robbins Geller Rudman & Dowd LLP**

| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

Patrick J. Coughlin
patc@rgrdlaw.com

June 29, 2015

<u>VIA ECF</u>

The Honorable Jesse M. Furman
United States District Court
   Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY  10007

     Re:   *In re Barclays Liquidity Cross and High Frequency Trading Litigation*,
           No. 14-MD-2589 (JMF) (S.D.N.Y.)

Dear Judge Furman:

     On behalf of Lead Counsel in *City of Providence, Rhode Island, et al. v. BATS Global Markets, Inc., et al.*, No. 1:14-cv-2811, we write to clarify our answers to three of the Court's questions. First, the Court inquired about whether Barclays PLC was properly named. *See* June 18, 2015 Hearing Transcript ("Hr'g Tr.") at 55:15-24, attached as Exhibit A.  In ¶¶34-35 of the Second Consolidated Amended Complaint for Violation of the Federal Securities Laws (the "Complaint") we assert that Barclays PLC controlled Barclays Capital Inc. and thus is a proper party.  The Court next asked how we could rely on the "price" set by the market if the decision to trade had already been made. *See* Hr'g Tr. at 61:1-9.  We rely on the fairness and integrity of the market – Barclays LX – and we based the decision to trade – reliance – on that belief.  We are entitled to that presumption, *e.g.*, the integrity of that market. *See In re Blech Sec. Litig.*, 961 F. Supp. 569, 582 (S.D.N.Y. 1997) (allegations of reliance for market manipulation claims sufficient where complaint alleges "Plaintiffs acted in reliance on the integrity of the market" for the relevant securities); *see also Fezzani v. Bear, Stearns & Co.*, 716 F.3d 18, 21 n.2 (2d Cir. 2013) (quoted during Hr'g Tr. at 56:18-57:19).

     Finally, the Court inquired about whether we should be required to list specific trades impacted by the manipulation. *See* Hr'g Tr. at 63:9-64:1.  As the Complaint asserts, both the City of Providence, Rhode Island and State-Boston Retirement System traded in Barclays's dark pool. *See* Complaint, ¶¶21, 24. The specific trades that were impacted by Barclays's actions in allowing high frequency traders to feast on our clients' trades are in Barclays's possession – not Plaintiffs'.  In a market manipulation case such as this, plaintiffs are not required to provide specific, damaged trades at this juncture. *See In re NYSE Specialists Sec. Litig.*, 405 F. Supp. 2d 281 (S.D.N.Y. 2005), *aff'd in part and vacated in part*, 503 F.3d 89 (2d Cir. 2007).  There, defendants argued that the plaintiffs failed to identify any particular trades in which they suffered loss as a result of the Specialist Firms' alleged manipulative conduct.  Judge Sweet found the plaintiffs were not required

Robbins Geller
Rudman & Dowd LLP

The Honorable Jesse M. Furman
June 29, 2015
Page 2

to separately allege the elements of their §10(b) manipulative scheme claim for each individual transaction.  *Id.* at 315.

In the *NYSE* case, a case in which Robbins Geller Rudman & Dowd LLP was Lead Counsel, plaintiffs attached records to the complaint indicating they traded in 41 of 42 of the stocks at issue in the Securities and Exchange Commission Settlement Orders, but ***did not*** list impacted or damaged trades.  Those specifics came later, after Lead Plaintiff California Public Employees' Retirement System obtained the trading records through discovery.  Here, plaintiffs allege a rigged market, Barclays LX, much the same as the rigged market in *NYSE*, and plaintiffs traded in Barclays LX.

Very truly yours,

s/ Patrick J. Coughlin

PATRICK J. COUGHLIN

PJC:sgm

cc:    All Counsel of Record (via ECF)

1045684_1