April 12, 2018

<u>VIA ECF</u>

The Honorable Jesse M. Furman
United States District Court
  Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

  Re: *In re Barclays Liquidity Cross and High Frequency Trading Litig.*
    No. 1:14-md-02589 (JMF) (S.D.N.Y.)

Dear Judge Furman:

  The parties respectfully submit this joint letter, pursuant to the Court's Notice of Conference issued on March 22, 2018, requesting an update on the status of the case in light of the mandate from the United States Court of Appeals for the Second Circuit remanding the case to this Court. ECF No. 65.[1]

  ***1. Cases and Claims Pending Before the Court***

  The cases pending before the Court are: *City of Providence, Rhode Island v. Bats Global Markets, Inc., et al.*, No. 1:14-cv-02811 (S.D.N.Y.); *Am. European Ins. Co. v. Bats Global Markets, Inc., et al.*, No. 1:14-cv-03133 (S.D.N.Y.); *Harel Ins. Co., Ltd. v. Bats Global Markets, Inc., et al.*, No. 1:14-cv-03608 (S.D.N.Y.); and *Flynn, et al. v. Bank of Am. Corp., et al.*, No. 1:14-cv-04321 (S.D.N.Y.)[2] (collectively, the "*SDNY Action*"). *Great Pac. Sec. v. Barclays PLC, et al.*, No. 8:14-cv-01210-DSF (C.D. Cal.), is no longer before this Court.

  Plaintiffs City of Providence, Rhode Island, Plumbers and Pipefitters National Pension Fund, Employees' Retirement System of the Government of the Virgin Islands, and State-Boston Retirement System ("Plaintiffs"), on behalf of themselves and all other similarly-situated public investors, bring claims against defendants BATS Global Markets, Inc., Chicago Stock Exchange, Inc., Direct Edge ECN, LLC, The NASDAQ Stock Market LLC, NASDAQ OMX BX, Inc., New

---

[1] Unless otherwise noted, references to "ECF No." are to the docket entries in the MDL.

[2] There are no longer any defendants in *Flynn*. With the exception of Barclays PLC and Barclays Capital Inc., all defendants in *Flynn* were terminated on October 28, 2014. This Court subsequently dismissed the claims against the Barclays Defendants, ECF No. 50, and Plaintiffs withdrew their appeal of that ruling as to the Barclays Defendants. The parties agree that *Flynn* should be closed.

York Stock Exchange, LLC, and NYSE Arca, Inc. (the "Exchanges") for violations of §10(b) of the Exchange Act and Rule 10b-5.[3] Plaintiffs also alleged a claim under §6(b) of the Exchange Act, but did not appeal the Court's dismissal of that claim, which is no longer before the Court.

### 2. *Plaintiffs' Proposals on How to Proceed*

On December 19, 2017, the Second Circuit Court of Appeals reversed this Court's dismissal of Plaintiffs' §10(b) and Rule 10b-5 claims against the Exchanges. In doing so, the Second Circuit concluded that the Court "ha[s] subject matter jurisdiction over this case, the defendant exchanges are not entitled to absolute immunity, and the district court erred in dismissing the complaint under Federal Rule of Civil Procedure 12(b)(6)." *City of Providence, Rhode Island v. BATS Global Mkts., Inc.*, 878 F.3d 36, 40 (2d Cir. 2017). Accordingly, the Second Circuit vacated this Court's judgment entered in favor of the Exchanges and remanded the case for further proceedings consistent with its opinion. *Id.*

With these issues resolved in Plaintiffs' favor, a limited number of the Exchanges' dismissal arguments remain before this Court on remand. As the Second Circuit noted, "[t]he district court did not reach the exchanges' other arguments for dismissal, such as that plaintiffs had failed to adequately allege statutory standing, loss causation, and scienter. . . . On remand, they should be determined by the district court in the first instance." *Id*. at 52.

Re-briefing these few issues is unnecessary. Plaintiffs' allegations of wrongdoing have not changed, and the Second Consolidated Amended Complaint for Violations of the Federal Securities Laws, No. 1:14-cv-02811-JMF, ECF No. 252 (S.D.N.Y.) ("SCAC"), remains the operative complaint: The parties already briefed in full the issues that remain outstanding following the Second Circuit's decision (*see, e.g.*, Lead Plaintiffs' Omnibus Memorandum of Law in Opposition to Defendants' Motions to Dismiss (ECF No. 26, "Pls' Opp") (alleging: (1) **Standing** (Pls' Opp at 60-61); (2) **Loss Causation** (Pls' Opp at 59-60); (3) **Scienter** (Pls' Opp at 56-59)), and the law has not appreciably changed with regard to these issues. That the Exchanges chose to allot only five-and-a-half pages (of their 50-page brief) on these issues was their choice, and not a reason to call for another round of briefing. Accordingly, Plaintiffs respectfully request the Court to rule on any outstanding arguments for dismissal on the briefing already submitted by the parties.

---

[3] Första AP-fonden, a named plaintiff in the operative complaint, is no longer a party because it withdrew its appeal of the Court's dismissal order.

The Honorable Jesse M. Furman
April 12, 2018
Page 3

The timeline on the Court's consideration of these issues should not be stayed, and the Exchanges offer no authority to stay this action pending any application to the Supreme Court. In fact, "[i]t is not appropriate for this Court to determine the likelihood of the Supreme Court granting *certiorari* and to delay proceeding based on that determination." *Doe v. Karadzic*, No. 93 Civ. 0878 (PKL), 1996 U.S. Dist. LEXIS 5291, at *7 (S.D.N.Y. Apr. 22, 1996); *In re Ancona*, No. 16-cv-8804 (KBF), 2016 U.S. Dist. LEXIS 159486, at *11 (S.D.N.Y. Nov. 17, 2016) (denying stay, pending appeal, in absence of irreparable harm).

Other than a vague reference to "conserv[ing] judicial resources," the Exchanges offer nothing to make out the "'clear case of hardship or inequity'" necessary to justify a stay. *Trikona Advisors Ltd. v. Chuang*, No. 12-CV-3886, 2013 U.S. Dist. LEXIS 40382, at *6 (E.D.N.Y. Mar. 20, 2013) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). "'A stay is not a matter of right . . . .'" *Nken v. Holder*, 556 U.S. 418, 433 (2009) (citation omitted). To justify a stay, the party seeking the stay must satisfy a four-factor test. In determining whether the moving party has met that exacting burden, courts consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434 (citation and internal quotation marks omitted). Here, principles of "judicial economy" favor proceeding, rather than permitting this action to languish while the Exchanges pursue their appeal, especially given the long odds the Exchanges face in convincing the Supreme Court to not only accept review, but then reverse the Second Circuit's decision. *See In re Lamictal Direct Purchaser Antitrust Litig.*, No. 12-995 (WHW), 2012 WL 5267081, at *2 (D.N.J. Oct. 23, 2012) (under similar circumstances involving a pending *certiorari* petition in another case, the court denied defendants' motion to stay and held that "economy would best be served if the proceedings move[d] forward").

This action has already been tied up on appeal for more than two-and-a-half years. Further delay only prejudices Plaintiffs by impeding and slowing any recovery in this action. *United States v. Town of Oyster Bay*, 66 F. Supp. 3d 285, 292 (E.D.N.Y. 2014) (denying stay, pending Supreme Court review in other action, because it would simply delay the litigation).

If the Court is inclined to allow additional submissions, Plaintiffs suggest they be made in a letter brief and be subject to a far shorter timeline than the Exchanges suggest. Plaintiffs propose that the Exchanges be given two weeks to submit any supplemental submissions, and Plaintiffs be given one week to respond.

### 3. *The Exchanges' Proposals on How to Proceed*

The Exchanges do not agree with Plaintiffs' suggestions for proceeding.

1400281_3

The Honorable Jesse M. Furman
April 12, 2018
Page 4

The Exchanges intend to file a petition for a writ of certiorari asking the U.S. Supreme Court to review the Second Circuit's judgment. Consequently, in order to conserve judicial resources, the Exchanges propose that this Court stay further action in this case until the resolution of proceedings in the Supreme Court. The criteria set forth in *Nken v. Holder*, 556 U.S. 418 (2009), regarding a stay pending appeal do not limit this Court's "'broad discretion to stay proceedings as an incident to its power to control its own docket.'" *In re Am. Express Anti-Steering Rules Antitrust Litig.*, No. 06 Civ. 2974, 2010 WL 11586662, at *1 (quoting *Clinton v. Jones*, 520 U.S. 681, 683 (1997)).

If the Supreme Court grants certiorari, the Exchanges propose that this Court continue to stay further action in this case until a ruling by the Supreme Court and that the parties file a joint letter updating the Court on the status of the case within 14 days of the Supreme Court's decision on the merits. If the Supreme Court denies certiorari, the Exchanges propose that the Court set a briefing schedule for the Exchanges to file a renewed motion to dismiss the SCAC (as the Second Circuit decision specifically contemplates).

Plaintiffs' primary argument for expedition is that their appeal took 2½ years to resolve, but they cannot blame that on the Exchanges. As the Court knows, this is a complex case that raises complex issues of great importance to the judicial system and the markets. Of the time it took to resolve Plaintiffs' appeal, 1½ years were the result of the Second Circuit's amicus request, the SEC's request for an extension of time to respond to it, and the full year the circuit court then took to issue a decision. Contrary to Plaintiffs' assertions, the time it took to decide the appeal counsels in favor of the more deliberate approach the Exchanges advocate.

Contrary to Plaintiffs' assertions, a renewed motion to dismiss would be appropriate because this Court previously declined to reach "several other colorable arguments for dismissal," including failure to adequately allege statutory standing, loss causation, and scienter. D.E. 50 at 25. The Second Circuit also declined to address these issues, noting that they should "be determined by the district court in the first instance." 878 F.3d at 52. As the Court will recall, space limitations prevented the Exchanges from devoting more than a total of 5½ pages to those issues, and the Exchanges should be permitted to brief those issues fully for the benefit of the Court. In addition, the Second Circuit noted that Plaintiffs' claims might be subject to dismissal because they may be precluded by federal law. *Id.* at 51 n.5. Although this issue was not raised in the prior briefing, it was discussed in the Second Circuit's opinion as an issue that should be addressed by this Court, having been raised by the SEC in its amicus brief (a fact Plaintiffs omit in their discussion). Because the Second Circuit and the SEC noted this Court should address preclusion in the first instance, the parties should brief it fully as part of the renewed motion to dismiss. Finally, renewed briefing will allow the parties to update their arguments based on new authority that was not available during the prior briefing, which concluded in May 2015, almost three years ago.

1400281_3

The Honorable Jesse M. Furman
April 12, 2018
Page 5

      Thus, in the event that the Supreme Court denies the Exchanges' forthcoming petition for a writ of certiorari, the Exchanges propose the following schedule on a renewed motion to dismiss the SCAC, with the dates to run from the date of the order denying certiorari.

- The Exchanges shall have 4 weeks to file a renewed motion to dismiss the SCAC.

- Plaintiffs shall have 4 weeks to file an opposition to the renewed motion.

- The Exchanges shall have 3 weeks to file a reply in support of the renewed motion.

      Alternatively, in the event that the Court declines to stay further action pending the resolution of Supreme Court proceedings, the Exchanges propose the following briefing schedule:

- The Exchanges shall file a renewed motion to dismiss the SCAC on June 5, 2018.

- Plaintiffs shall file an opposition to the renewed motion on July 25, 2018.

- The Exchanges shall file a reply in support of the renewed motion on August 24, 2018.

      Respectfully submitted,

      CO-LEAD COUNSEL FOR PLAINTIFFS AND
      COUNSEL FOR DEFENDANTS
      (*SEE* EXHIBIT 1 ATTACHED HERETO)

# EXHIBIT 1

**Counsel for Plaintiff(s):**
**City of Providence, Rhode Island,**
**Plumbers and Pipefitters National Pension Fund,**
**State-Boston Retirement System, and**
**Employees' Retirement System of the Government of the Virgin Islands**

| | |
|---|---|
| ROBBINS GELLER RUDMAN & DOWD LLP<br>David W. Mitchell<br>Brian O. O'Mara<br>Lonnie A. Browne<br>600 West Broadway<br>San Diego, CA 92101<br>Telephone: 619/231-1058<br>619/231-7423 (fax)<br>davidm@rgrdalw.com<br>bomara@rgrdlaw.com<br>lbrowne@rgrdlaw.com<br><br>ROBBINS GELLER RUDMAN & DOWD LLP<br>Samuel H. Rudman<br>Vincent M. Serra<br>58 South Service Road, Suite 200<br>Melville, NY 11747<br>Telephone: 631/367-7100<br>631/367-1173 (fax)<br>srudman@rgrdlaw.com<br>vserra@rgrdlaw.com<br><br>ROBBINS GELLER RUDMAN & DOWD LLP<br>Patrick J. Coughlin<br>Randi Bandman<br>30 Vesey Street, Suite 200<br>New York, NY 10007<br>Telephone: 212/693-1058<br>patc@rgrdlaw.com<br>randib@rgrdlaw.com | LABATON SUCHAROW LLP<br>Thomas A. Dubbs<br>Louis Gottlieb<br>Thomas G. Hoffman, Jr.<br>James Ostaszewski<br>140 Broadway<br>New York, NY 10005<br>Telephone: 212/907-0700<br>212/818-0477 (fax)<br>tdubbs@labaton.com<br>lgottlieb@labaton.com<br>thoffman@labaton.com<br>jostaszewski @labaton.com |
| MOTLEY RICE LLC<br>Joseph F. Rice<br>Joshua L. Littlejohn<br>Meredith Weatherby<br>28 Bridgeside Blvd.<br>Mount Pleasant, SC 29464<br>Telephone: 843/216-9000<br>843/216-9450 (fax)<br>jrice@motleyrice.com<br>jlittlejohn@motleyrice.com<br>mweatherby@motleyrice.com | |

1400281_3

| | |
|---|---|
| MOTLEY RICE LLC<br>William H. Narwold<br>Michael J. Pendell<br>20 Church St., 17th Floor<br>Hartford, CT 06103<br>Telephone: 860/882-1681<br>860/882-1682 (fax)<br>bnarwold@motleyrice.com<br>mpendell@motleyrice.com | |

**Counsel for Defendants:**

| **Counsel for Chicago Stock Exchange, Inc.** | **Counsel for BATS Global Markets, Inc. and Direct Edge ECN, LLC** |
|---|---|
| LEVINE LEE LLP<br>Seth L. Levine<br>Christos Papapetrou<br>650 Fifth Avenue<br>New York, NY 10019<br>Telephone: (212) 223-4400<br>Facsimile: (212) 223-4425<br>SLevine@levinelee.com<br>CPapapetrou@levinelee.com | Paul E. Greenwalt<br>Schiff Hardin LLP<br>233 S. Wacker Drive, Suite 7100<br>Chicago, IL  60606<br>Telephone:  (312) 258-5500<br>Facsimile:  (312) 258-5600<br>pgreenwalt@schiffhardin.com |
| **Counsel for The NASDAQ Stock Market LLC and NASDAQ OMX BX, Inc.** | **Counsel for Defendants New York Stock Exchange LLC and NYSE Arca, Inc.** |
| GIBSON, DUNN & CRUTCHER LLP<br>Douglas R. Cox<br>Amir C. Tayrani<br>1050 Connecticut Avenue NW<br>Washington, DC 20036<br>Telephone: (202) 955-8500<br>Facsimile: (202) 530-9539<br>DCox@gibsondunn.com<br>atayrani@gibsondunn.com | BAKER BOTTS L.L.P.<br>Douglas W. Henkin<br>30 Rockefeller Plaza<br>New York, New York  10112<br>Tele: (212) 408-2500<br>Fax:  (212) 259-2520<br>douglas.henkin@bakerbotts.com<br><br>J. Mark Little<br>One Shell Plaza<br>910 Louisiana Street<br>Houston, Texas 77002<br>Tele: (713) 229-1489<br>Fax: (713) 229-2789<br>mark.little@bakerbotts.com |

1400281_3