```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

In re:  BARCLAYS LIQUIDITY CROSS
        AND HIGH FREQUENCY TRADING     14 MD 2589 (JMF)
        LITIGATION

------------------------------------x

                                       New York, N.Y.
                                       April 16, 2018
                                       2:15 p.m.


Before:

          HON. JESSE M. FURMAN

                                       District Judge


                         APPEARANCES


ROBBINS GELLER RUDMAN & DOWD LLP
     Attorneys for Plaintiffs City of Providence and
     State-Boston Retirement System
BY:  PATRICK J. COUGHLIN
     DAVID W. MITCHELL

LABATON SUCHAROW LLP
     Attorneys for Plaintiff State-Boston Retirement System
BY:  THOMAS A. DUBBS

MOTLEY RICE LLC
     Attorneys for Plaintiff Employees' Retirement System of
     the Government of the Virgin Islands
BY:  JOSHUA C. LITTLEJOHN

COTCHETT PITRE & MCCARTHY LLP
     Attorneys for Plaintiff Great Pacific Securities
BY:  ALEXANDER E. BARNETT
```

I4G7BARC

1              APPEARANCES (Continued)

2    GIBSON DUNN & CRUTCHER LLP
          Attorneys for Defendant Nasdaq OMX BX
3         and The Nasdaq Stock Market LLC
     BY:  AMIR C. TAYRANI
4
     LEVINE LEE LLP
5         Attorneys for Defendant Chicago Stock Exchange
     BY:  CHRISTOS PAPAPETROU
6
     BAKER BOTTS LLP
7         Attorneys for Defendant NYSE Arca, Inc.,
          and New York Stock Exchange LLC
8    BY:  DOUGLAS W. HENKIN

9    SCHIFF HARDIN LLP
          Attorneys for Defendant Bats Global Markets, Inc.
10   BY:  PAUL E. GREENWALT

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                 (Case called)

2                 (In open court)

3                 MR. MITCHELL:  Good afternoon, your Honor.  David

4     Mitchell from Robbins Geller Rudman & Dowd on behalf of

5     plaintiff.

6                 MR. COUGHLIN:  Good afternoon, your Honor.  Patrick

7     Coughlin on behalf of plaintiffs.

8                 MR. DUBBS:  Good afternoon, your Honor.  Thomas Dubbs

9     from Labaton for plaintiffs.

10                MR. LITTLEJOHN:  Good afternoon, your Honor.  Josh

11    Littlejohn on behalf of plaintiffs.

12                MR. GREENWALT:  Good afternoon, your Honor.  Paul

13    Greenwalt on behalf of Bats Global Markets.

14                MR. PAPAPETROU:  Good afternoon, your Honor.  Christos

15    Papapetrou from the firm of Levine Lee, on behalf of the

16    Chicago Stock Exchange.

17                MR. HENKIN:  Good afternoon, your Honor.  Douglas

18    Henkin on behalf of the two NYSE defendants.

19                MR. TAYRANI:  Good afternoon, your Honor.  Amir

20    Tayrani from Gibson Dunn & Crutcher for defendants Nasdaq Stock

21    Market and Nasdaq OMX BX.

22                THE COURT:  All right.  Good afternoon to all of you.

23    I can't say that the diversity at counsel table is particularly

24    impressive, but that's OK.  And I don't know if we have any

25    members of the press here, but I guess you drew the short straw

1    on which proceedings you had to cover this afternoon.

2             Welcome back, I suppose.  I got your letter of April
3    12 with slightly different proposals of how to proceed from
4    here.  Before we go there, let me just cover a few housekeeping
5    matters.  I takes it everybody is in agreement that the Flynn
6    matter should be closed.  Is that correct?

7             MR. COUGHLIN:  Yes, your Honor.

8             MR. HENKIN:  Yes, your Honor.

9             THE COURT:  All right.  In general if you could tell
10   me who you are when you say something, so the record is clear
11   as to who is speaking, that would be helpful.

12            Second, Forsta AP-fonden should be terminated?  I
13   don't know, I haven't checked whether it appears in multiple
14   cases or just in one, but everybody in agreement about that?

15            MR. COUGHLIN:  Patrick Coughlin.  Yes, your Honor.

16            MR. HENKIN:  Douglas Henkin.  Yes, your Honor.

17            THE COURT:  All right.  And I think that the Great
18   Pacific case may have been reopened when these cases came back,
19   but everybody is in agreement that that case is no longer
20   before me, I take it?

21            MR. COUGHLIN:  Patrick Coughlin.  Yes, your Honor.

22            MR. HENKIN:  Douglas Henkin.  Correct, your Honor.

23            THE COURT:  And relatedly, I take it Barclays is no
24   longer a party in any of the cases pending before me.

25            MR. COUGHLIN:  Patrick Coughlin.  That is correct,

1     your Honor.
2              MR. HENKIN:  Douglas Henkin.  Correct, your Honor.
3              THE COURT:  All right.  Very good.  And then, lastly,
4     plaintiffs agree that the Section (6)(b) claims are no longer
5     part of the case, correct?
6              MR. COUGHLIN:  Patrick Coughlin.  That's correct, your
7     Honor.
8              THE COURT:  Great.  All right.
9              So, in terms of how to go from here, I've read your
10    letter and respective positions.  I do not intend to await a
11    cert petition.  I don't see any reason not to proceed.  If cert
12    is granted, then we can decide what, if anything, to do in that
13    instance, but it's a sufficient long shot that I don't see any
14    reason to hold things up.
15             At the same time, I'm not going to rely solely on the
16    briefs that you filed two to three years ago.  Number one, for
17    all I know, the law has developed in the interim.  Number two,
18    while it may be that defendants devoted only a handful of pages
19    to the issues that remain open, I would rather get more
20    substantial briefing because it would be helpful to me in
21    rendering a decision on these issues.
22             So for those two reasons I will have a new round of
23    briefing.  But, number three, I'm inclined to do so on a faster
24    schedule than defendants proposed at the end of the letter.  I
25    don't see any reason why you would need close to a month and a

1   half to file your briefs.  I'm not contemplating or envisioning
2   particularly long briefs or longer than the default local rules
3   provide -- namely 25 pages, 25 pages and ten pages -- and given
4   that, and even allowing for some time to coordinate among the
5   different defendants, I would think we could proceed more
6   quickly than that.  So, we can talk about proposed schedule.  I
7   guess I could throw out a proposed schedule.
8            Then the only last thing that I had on that front is
9   defendants avert in a letter to the issue flagged by the
10  Circuit in footnote five of its opinion concerning an argument
11  raised by the SEC that it did not reach and indicate that they
12  may want to raise that issue before me.
13           I guess I wanted to just flag that.  I don't know if
14  we want to discuss it now.  Maybe the best course is to let
15  defendants raise it and both sides address whether procedurally
16  it would be proper to raise an argument at this point or not.
17           The Circuit's footnote says that they could not make a
18  determination based on the pleadings, and the parties have not
19  briefed the issue before me or that court.  Obviously, the
20  latter could be remedied by briefing the issue before me, but
21  if the issue is not one that could be decided on the pleadings,
22  I don't see why it could be decided at this juncture either.
23  But perhaps we can discuss that.
24           Mr. Coughlin?
25           MR. COUGHLIN:  Yes.  I don't think -- the way this

1   issue --

2          THE COURT:  Can you find a microphone.

3          MR. COUGHLIN:  The way this issue comes up, your

4   Honor, is that we are at the pleading stage, and I think that

5   the parties have a different idea.  The defendants argued that

6   the SEC had all the information as to the three things that we

7   complain about -- the co-location, the data feeds and the order

8   times -- and we take a different view of what the SEC had

9   before it and what it could rule on, I think the preclusion

10  argument isn't ripe until the facts are developed.

11         THE COURT:  All right.  Back table?

12         MR. HENKIN:  Douglas Henkin for the exchanges.  We

13  obviously have a different view on that.  We think that the SEC

14  touched on the issue and raised it.  We think your Honor's

15  initial inclination that we should brief it and see how it

16  turns out is the right answer.  That way we at least have the

17  record.  We can make the argument as we think the SEC put it

18  forward in the amicus brief, and obviously if the plaintiffs

19  disagree with it, they will say so, and your Honor can decide

20  it based on full briefing, which we anticipate doing it a

21  little more justice than the SEC did in the amicus brief.

22         THE COURT:  And what do you make of the Circuit's

23  reference to its inability to make a determination based on the

24  pleadings?

25         MR. HENKIN:  Well, I think part of that was the fact

1    that the SEC disclaimed -- although the SEC raised the issue,

2    the SEC decided to take no position on it, and in fact

3    indicated, if you look at the amicus brief, that it would be

4    inappropriate for the SEC to take a merits position on it

5    because of its role in the actual regulatory process itself.

6            We think that that's something that we can address in

7    our papers, and that that's not going to be an impediment to

8    your Honor addressing it.

9            THE COURT:  All right.  And does either side have a

10   view on whether the SEC should be invited to participate in

11   these proceedings on remand?

12           MR. HENKIN:  Well, your Honor, the one thing -- and I

13   don't mean to cut off the other side -- but the one thing that

14   I would imagine is that based on what they said in the amicus

15   brief, they seem to indicate that they didn't want to take --

16   that they felt it was inappropriate for them to take a merits

17   position on that because of where they stand in the regulatory

18   aspect.

19           THE COURT:  OK.

20           MR. COUGHLIN:  Your Honor, I don't think we're asking

21   for SEC's involvement at this time on this issue.  If you're

22   inclined to have it briefed, we will do it.  We still take the

23   position that the parties are not at the pleading stage of what

24   is before the SEC, and you can't make that analysis without the

25   factual record being developed.

1              THE COURT:  All right, very good.

2              So I guess it seems like the best course is to let the
3    defendants make the argument and again to address not just the
4    substance of it but whether procedurally I should consider it
5    at this stage, given that it was not argued in the first
6    go-around under 12(b)(6).

7              But to the extent that the counter argument is that
8    it's a factual issue and it goes beyond the pleadings, then you
9    should make that argument; and, if you're right, then it's
10   easily resolved.

11             Now in terms of schedule, I would propose, as I said,
12   a shorter schedule with an opening brief due on May 18,
13   opposition due on June 15 and reply due on June 29.

14             Any objection?

15             MR. MITCHELL:  David Mitchell for plaintiffs.  No
16   objection for plaintiffs, your Honor.

17             MR. HENKIN:  Your Honor, no objection from the
18   defendants.

19             THE COURT:  Great.  Anything else that we need to do?

20             MR. MITCHELL:  I don't think so for plaintiffs, your
21   Honor.

22             Thank you.

23             MR. HENKIN:  Not on the defendant's side, your Honor.

24             THE COURT:  All right.  Well, thank you for your
25   letter, which helpfully laid out the issues and made this an

1  efficient conference, and now you can go try and catch the end
2  of things across the street.  Thank you very much.  Have a good
3  day.
4           (Adjourned)