UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------   X
                                                                      :
IN RE:                                                                :
                                                                      :
BARCLAYS LIQUIDITY CROSS AND HIGH                                     :          14-MD-2589 (JMF)
FREQUENCY TRADING LITIGATION                                          :
                                                                      :
*This Document Relates To City of Providence,*                        :
*Rhode Island, et al.* v. *BATS Global Markets, Inc.,*                :
*et al.*, 1:14-cv-02811-JMF (S.D.N.Y.) (consolidated)                 :
-------------------------------------------------------------------   X

**ANSWER OF DEFENDANTS NEW YORK STOCK EXCHANGE LLC, NYSE ARCA,
INC., AND CHICAGO STOCK EXCHANGE, INC. TO SECOND CONSOLIDATED
AMENDED COMPLAINT**

Defendants New York Stock Exchange LLC, NYSE Arca, Inc., and Chicago Stock Exchange, Inc. (collectively, "NYSE"),[1] by and through their undersigned counsel, hereby answer Plaintiffs' Second Consolidated Amended Complaint.

1.      NYSE admits that Plaintiffs filed this action against NYSE and purport to represent a putative class.  NYSE denies all remaining allegations in Paragraph 1.

2.      NYSE denies the allegations in Paragraph 2.

3.      NYSE denies the allegations in Paragraph 3.

4.      NYSE denies the allegations in Paragraph 4.

5.      The allegations in Paragraph 5 state legal conclusions or arguments to which no response is required.  To the extent an answer is required, NYSE denies the allegations in Paragraph 5.

6.      NYSE denies the allegations in Paragraph 6.

7.      The allegations in Paragraph 7 state legal conclusions or arguments to which no response is required.  To the extent an answer is required, NYSE denies the allegations in Paragraph 7 and denies knowledge or information sufficient to form a belief regarding what, if any, trades Plaintiffs and the purported class engaged in on NYSE and on what, if anything, Plaintiffs relied.

8.      NYSE denies the allegations in Paragraph 8.

9.      NYSE denies the allegations in Paragraph 9.

10.     NYSE denies the allegations in Paragraph 10.

---

[1]     The responses set forth herein are made on behalf of New York Stock Exchange LLC, NYSE Arca, Inc., and Chicago Stock Exchange, Inc. collectively, unless otherwise specified to relate only to one or more specific entities.  While this case was pending, Chicago Stock Exchange, Inc. changed its name to NYSE Chicago, Inc.  For ease of reference, this Answer will refer to the entity name used in the Second Consolidated Amended Complaint:  Chicago Stock Exchange, Inc.

11.     NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 11.

12.     NYSE denies the allegations in Paragraph 12.

13.     NYSE denies the allegations in Paragraph 13.

14.     NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 14.

15.     NYSE denies the allegations in Paragraph 15.

16.     The allegations in Paragraph 16 state legal conclusions or arguments to which no response is required.  To the extent an answer is required, NYSE denies the allegations in Paragraph 16.

**JURISDICTION AND VENUE**

17.     NYSE admits that Plaintiffs purported to assert claims under the federal securities laws and regulations cited in Paragraph 17, but denies that they have any such claims and states that Plaintiffs' Section 6(b) claim has been dismissed with prejudice.

18.     To the extent that Paragraph 18 purports to state a legal conclusion, no response is required.  To the extent that an answer is deemed to be required, NYSE denies the allegations because Plaintiffs lack standing to pursue their claims and the Court lacks subject matter jurisdiction because, among other reasons, the Exchange Act creates a comprehensive regulatory scheme whereby the SEC regulates NYSE.

19.     NYSE admits that venue is proper in this District, denies the allegations in Paragraph 19 to the extent they are directed at NYSE, and otherwise denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 19.

20.     NYSE admits that it uses mail and interstate telephone communications in the ordinary operations of NYSE's businesses.  NYSE denies the remaining allegations in Paragraph 20.

## PARTIES

21.     NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 21 and states that Plaintiffs have not adequately pleaded that they have standing to pursue this action under Article III of the United States Constitution or complied with the pleading requirements of the Private Securities Litigation Reform Act regarding their alleged purchases or sales of securities.

22.     NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 22 and states that Plaintiffs have not adequately pleaded that they have standing to pursue this action under Article III of the United States Constitution or complied with the pleading requirements of the Private Securities Litigation Reform Act regarding their alleged purchases or sales of securities.

23.     NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 23 and states that Plaintiffs have not adequately pleaded that they have standing to pursue this action under Article III of the United States Constitution or complied with the pleading requirements of the Private Securities Litigation Reform Act regarding their alleged purchases or sales of securities.

24.     NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 24 and states that Plaintiffs have not adequately pleaded that they have standing to pursue this action under Article III of the United States Constitution or complied with the pleading requirements of the Private Securities Litigation Reform Act regarding their alleged purchases or sales of securities.

25.     NYSE notes that Första AP-fonden has withdrawn as a plaintiff and thus no response to Paragraph 25 is required.  To the extent a response is required, NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 25 and states that Plaintiffs have not adequately pleaded that they have standing to pursue this action under Article III of the United States Constitution or complied with

the pleading requirements of the Private Securities Litigation Reform Act regarding their alleged purchases or sales of securities.

26.    NYSE admits its equities exchanges were registered with the SEC under § 6 of the Securities Exchange Act of 1934 and otherwise denies the allegations in Paragraph 26.

27.    NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 27.

28.    Chicago Stock Exchange, Inc. admits that some, but not all, of its operations are located in Chicago, Illinois.  Chicago Stock Exchange, Inc. states that it is currently indirectly owned by Intercontinental Exchange, Inc.  Chicago Stock Exchange, Inc. admits that it is a national securities exchange and self-regulatory organization and is regulated by the SEC. Chicago Stock Exchange, Inc. otherwise denies the allegations in Paragraph 28.

29.    NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 29.

30.    NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 30.

31.    NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 31.

32.    New York Stock Exchange LLC admits that it is a stock exchange whose trading floor is located in New York City along with some, but not all, of its operating functions.  New York Stock Exchange LLC states that it is currently indirectly owned by Intercontinental Exchange, Inc.  New York Stock Exchange LLC states that, as of the end of June 2019, the combined market value of all companies listed on its exchange was more than $29 trillion.  New York Stock Exchange LLC states that, as of July 22, 2019, its average daily trading volume was approximately 765 million shares.  To the extent that Paragraph 32 references a written SEC document, NYSE states that that document speaks for itself, denies any characterizations thereof, and respectfully refers the Court to that document for its full content and context.

33.     NYSE Arca, Inc. admits that some, but not all, of its operations are located in Chicago, Illinois.  NYSE Arca, Inc. states that it is currently indirectly owned by Intercontinental Exchange, Inc.  NYSE Arca, Inc. admits that both stocks and options are traded on its exchange.

34.     NYSE states that Barclays PLC has been dismissed from this action with prejudice and otherwise denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 34.

35.     NYSE states that Barclays Capital Inc. has been dismissed from this action with prejudice and otherwise denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 35.

## CLASS ACTION ALLEGATIONS

36.     NYSE admits that Plaintiffs purport to bring this action as a class action but denies that this action can be certified or maintained as a class action under Federal Rule of Civil Procedure 23.

37.     NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 37.

38.     NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 38.

39.     NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 39.

40.     NYSE denies the allegations in Paragraph 40.

41.     NYSE denies the allegations in Paragraph 41.

42.     NYSE denies the allegations in Paragraph 42.

## FACTUAL ALLEGATIONS

43.     NYSE admits that prior to the enactment of the 1975 amendments to the Securities Exchange Act of 1934 stocks sometimes traded at different prices on different trading venues and that the NYSE ticker tape did not report transactions of NYSE-listed stocks that took

place on regional exchanges or on other over-the-counter securities markets and otherwise denies the allegations in Paragraph 43.

44.     NYSE states that the 1975 amendments to the Securities Exchange Act of 1934 and the legislative history thereof speak for themselves, denies any characterizations thereof, and respectfully refers the Court to the 1975 amendments to the Securities Exchange Act of 1934 and the legislative history thereof for their full content and context.  NYSE otherwise denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 44.

45.     NYSE states that NMS plans are defined and governed by Section 11A of the Securities Exchange Act of 1934 and governed by various rules promulgated by the SEC.  NYSE further states that the 1975 amendments to the Securities Exchange Act of 1934, the legislative history thereof, and the NMS Plans (which are public documents approved by the SEC) speak for themselves, denies any characterizations thereof, and respectfully refers the Court to those documents for their full content and context.  NYSE otherwise denies the allegations in Paragraph 45.

46.     To the extent that Paragraph 46 references Reg NMS and its specific rules, NYSE states that Reg NMS and those specific rules speak for themselves, denies any characterizations thereof, and respectfully refers the Court to Reg NMS and those rules for their full content and context.  NYSE denies any remaining allegations in Paragraph 46.

47.     To the extent that Paragraph 47 references the SEC's adopting release for Reg NMS, NYSE states that that document speaks for itself, denies any characterizations thereof, and respectfully refers the Court to that document for its full content and context.  NYSE denies any remaining allegations in Paragraph 47.

48.     To the extent that Paragraph 48 purports to discuss what Reg NMS does or does not "require," those allegations state legal conclusions or argument to which no response is required.  To the extent an answer is required, NYSE states that Reg NMS speaks for itself,

denies any characterizations thereof, and respectfully refers the Court to Reg NMS for its full content and context.  NYSE denies any remaining allegations in Paragraph 48.

49.     NYSE states that certain exchanges use what are generally referred to as "maker-taker" transaction fee systems and otherwise denies the allegations in Paragraph 49.

50.     Paragraph 50 states an inapplicable hypothetical to which no response is required.

51.     NYSE denies the allegations in Paragraph 51.

52.     To the extent that Paragraph 52 references Reg NMS, NYSE states that Reg NMS speaks for itself, denies any characterizations thereof, and respectfully refers the Court to Reg NMS for its full content and context.  NYSE denies any remaining allegations in Paragraph 52.

53.     NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 53.

54.     NYSE admits that new SEC-registered exchanges have emerged over time and continue to do so and otherwise denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 54.

55.     NYSE states that competition among trading venues has been encouraged by regulations promulgated by the SEC and has grown under those regulations as intended by the SEC.  NYSE otherwise denies the allegations in Paragraph 55.

56.     NYSE states that dark pools are execution venues that do not publicly display a price quote for securities and denies the remaining allegations in Paragraph 56.

57.     NYSE admits that under certain circumstances certain market participants historically did and still do split large orders into groups of smaller orders to decrease the risk that a large order would itself move the market price unfavorably for the market participant and denies knowledge or information sufficient to form a belief regarding the truth or falsity of the other allegations in Paragraph 57.

58.     NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 58.

59.     NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 59.

60.     NYSE states that the nature of orders generally conveys information and otherwise denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 60.

61.     NYSE admits that what Plaintiffs call "dark pools" must be registered with the SEC and FINRA to trade securities and denies knowledge or information sufficient to form a belief regarding the truth or falsity of the remaining allegations in Paragraph 61.

62.     NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 62.

63.     To the extent that Paragraph 63 references a judicial decision, NYSE states that that judicial decision speaks for itself, denies any characterizations thereof, and respectfully refers the Court to that judicial decision for its full content and context.  With respect to the remaining allegations in Paragraph 63, NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of those allegations.

64.     NYSE denies the allegations in Paragraph 64.

65.     The allegations in Paragraph 65 state legal conclusions or arguments to which no response is required.  To the extent an answer is required, NYSE denies the allegations in Paragraph 65.

66.     NYSE denies the allegations in Paragraph 66.

67.     NYSE states that the SEC is statutorily charged with regulating equity market structure and regularly acts based on that charge.  NYSE otherwise denies the allegations in Paragraph 67.

68.     NYSE denies the allegations in Paragraph 68.

69.     NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 69.

70.     NYSE denies the allegations in Paragraph 70.

71.      To the extent that Paragraph 71 refers to a "documentary film," NYSE respectfully states that that "documentary film" speaks for itself, denies any characterizations thereof, and respectfully refers the Court to that "documentary film" for its full content and context.  NYSE denies knowledge or information sufficient to form a belief as to the truth or falsity of any other allegations in Paragraph 71.

72.      To the extent that Paragraph 72 references a September 2011 "report" by Nanex, LLC, NYSE states that that "report" speaks for itself, denies any characterizations thereof, and respectfully refers the Court to that "report" for its full content and context.  NYSE denies any remaining allegations in Paragraph 72.

73.      NYSE admits that equity exchanges compete for market share and otherwise denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 73.

74.      NYSE admits on information and belief that microwave air transmission is currently faster than fiber optic light transmission, and that some traders try to take advantage of that difference in the systems they use.  With respect to the remaining allegations in Paragraph 74, NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of those allegations.

75.      NYSE denies the allegations in Paragraph 75.

76.      NYSE denies the allegations in Paragraph 76.

77.      To the extent that Paragraph 77 references SEC regulations and the SEC/CFTC report regarding the "Flash Crash," NYSE states that those documents speak for themselves, denies any characterizations thereof, and respectfully refers the Court to those documents for their full content and context.  NYSE states that the SEC is statutorily charged with regulating equity market structure and regularly acts based on that charge.  NYSE denies any remaining allegations in Paragraph 77.

78.     The allegations in Paragraph 78 state legal conclusions or arguments to which no response is required.  To the extent an answer is required, NYSE denies the allegations in Paragraph 78.

79.     The allegations in Paragraph 79 state legal conclusions or arguments to which no response is required.  To the extent that Paragraph 79 references documents such as an ICE annual report, NYSE states that those documents speak for themselves, denies any characterizations thereof, and respectfully refers the Court to those documents for their full content and context.  NYSE denies any remaining allegations in Paragraph 79.

80.     NYSE admits that Plaintiffs have accurately quoted §6(a)-(b) of the Exchange Act in Paragraph 80 but states that Plaintiffs' Section 6 claim has been dismissed with prejudice.

81.     The allegations in Paragraph 81 state legal conclusions or arguments to which no response is required.  To the extent an answer is required, NYSE denies the allegations in Paragraph 81.

82.     The allegations in Paragraph 82 state legal conclusions or arguments to which no response is required.  To the extent an answer is required, NYSE denies the allegations in Paragraph 82.

83.     To the extent that Paragraph 83 references documents such as Reg NMS, NYSE states that those documents speaks for themselves, denies any characterizations thereof, and respectfully refers the Court to those documents for their full content and context.  NYSE denies any remaining allegations in Paragraph 83.

84.     NYSE denies the allegations in Paragraph 84.

85.     NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 85.

86.     NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 86.

87.     NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 87.

88.     NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 88.

89.     NYSE denies the allegations in Paragraph 89.

90.     NYSE denies the allegations in Paragraph 90.

91.     NYSE denies the allegations in Paragraph 91.

92.     To the extent that Paragraph 92 references a document relating to the settlement of an SEC enforcement action, NYSE states that that document speaks for itself, denies any characterizations thereof, and respectfully refers the Court to that document for its full content and context.  NYSE denies any remaining allegations in Paragraph 92.

93.     NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 93.

94.     NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 94.

95.     NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 95.

96.     NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 96.

97.     NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 97.

98.     NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 98.

99.     NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 99.

100.     To the extent that Paragraph 100 references documents relating to the "CHX Matching System," NYSE states that those documents speaks for themselves, denies any characterizations thereof, and respectfully refers the Court to those documents for their full content and context.  NYSE denies any remaining allegations in Paragraph 100.

101.     To the extent that Paragraph 101 references a November 21, 2011 *Markets Media* article allegedly titled "Chasing Speed," NYSE states that that document speaks for itself, denies any characterizations thereof, and respectfully refers the Court to that document for its full content and context.  NYSE denies any remaining allegations in Paragraph 101.

102.     To the extent that Paragraph 102 references a May 2013 article in *Traders Magazine*, NYSE states that that document speaks for itself, denies any characterizations thereof, and respectfully refers the Court to that document for its full content and context.  NYSE denies any remaining allegations in Paragraph 102.

103.     To the extent that Paragraph 103 references a Cease-and-Desist Order issued by the SEC, NYSE states that that document speaks for itself, denies any characterizations thereof, and respectfully refers the Court to that document for its full content and context.  NYSE denies any remaining allegations in Paragraph 103.

104.     To the extent that Paragraph 104 references a Cease-and-Desist Order issued by the SEC, NYSE states that that document speaks for itself, denies any characterizations thereof, and respectfully refers the Court to that document for its full content and context.  NYSE denies any remaining allegations in Paragraph 104.

105.     NYSE states that stock exchanges compete for orders with other exchanges and other trading venues.  To the extent that Paragraph 105 makes allegations regarding the activities or motivations of what Plaintiffs call "HFT firms," NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 105. NYSE denies any remaining allegations in Paragraph 105.

106.     NYSE states that Paragraph 106 makes generic allegations about "broker[s]," "HFT firm[s]," and "trading venue[s]" and NYSE therefore denies knowledge or information sufficient to form a belief regarding the truth or falsity of the generic allegations in Paragraph 106.

107.     NYSE denies the allegations in Paragraph 107.

108.     NYSE denies the allegations in Paragraph 108.

109.     To the extent that Paragraph 109 references an SEC document, NYSE states that that SEC document speaks for itself, denies any characterizations thereof, and respectfully refers the Court to that SEC document for its full content and context.  NYSE denies any remaining allegations in Paragraph 109.

110.     NYSE denies the allegations in Paragraph 105 relating to NYSE exchanges and denies knowledge or information sufficient to form a belief regarding the truth or falsity of the remaining allegations in Paragraph 110.

111.     The allegations in Paragraph 111 state legal conclusions or arguments to which no response is required.  To the extent an answer is required, NYSE denies the allegations in Paragraph 111.

112.     To the extent that Paragraph 112 references "NYSE's promotional materials," NYSE states that those documents speak for themselves, denies any characterizations thereof, and respectfully refers the Court to those documents for their full content and context.  NYSE denies any remaining allegations in Paragraph 112.

113.     To the extent that Paragraph 113 references an NYSE document that discusses co-location, NYSE states that that document speaks for itself, denies any characterizations thereof, and respectfully refers the Court to that document for its full content and context.  NYSE denies knowledge or information sufficient to form a belief regarding the remaining allegations in Paragraph 113.

114.     To the extent that Paragraph 114 references a document relating to NYSE's 2013 product pricing, NYSE states that that document speaks for itself, denies any characterizations thereof, and respectfully refers the Court to that document for its full content and context.  NYSE denies the remaining allegations in Paragraph 114.

115.     To the extent that Paragraph 115 references a 2012 statement by "the chief technology officer at NYSE Technologies," NYSE states that the document in which that statement was reproduced speaks for itself, denies any characterizations thereof, and respectfully

refers the Court to that document for its full content and context.  NYSE denies any remaining allegations in Paragraph 115.

116.    To the extent that Paragraph 116 references an SEC order or fees charged by any NYSE exchanges, NYSE states that that SEC order and the fee schedules speak for themselves, denies any characterizations thereof, and respectfully refers the Court to that SEC order and those fee schedules for their full content and context.  NYSE denies any remaining allegations in Paragraph 116.

117.    To the extent that Paragraph 117 references a document Plaintiffs call the "NYSE Letter," NYSE states that that document speaks for itself, denies any characterizations thereof, and respectfully refers the Court to that document for its full content and context.  NYSE denies any remaining allegations in Paragraph 117.

118.    To the extent that the allegations in Paragraph 118 are based on documents, NYSE states that those documents speak for themselves, denies any characterizations thereof, and respectfully refers the Court to those documents for their full content and context.  NYSE denies the remaining allegations in Paragraph 118.

119.    The allegations in Paragraph 119 state legal conclusions or arguments to which no response is required.  To the extent an answer is required, NYSE denies the allegations in Paragraph 119.

120.    To the extent that Paragraph 120 references SEC documents, NYSE states that those SEC documents speak for themselves, denies any characterizations thereof, and respectfully refers the Court to those SEC documents for their full content and context.  NYSE denies any remaining allegations in Paragraph 120.

121.    To the extent that Paragraph 121 discusses Reg NMS and how the NBBO is determined, those allegations state legal conclusions or arguments to which no response is required.  NYSE denies any remaining allegations in Paragraph 121.

122.    To the extent that Paragraph 122 discusses Reg NMS and the nature or purpose of the NBBO, those allegations state legal conclusions or arguments to which no response is required.  NYSE denies any remaining allegations in Paragraph 122.

123.    To the extent that Paragraph 123 purports to discuss what Reg NMS does or does not "establish" or "require," those allegations state legal conclusions or arguments to which no response is required.  To the extent an answer is required, NYSE denies that Paragraph 123 presents a fair and complete description of the requirements of Reg NMS, states that Reg NMS speaks for itself, and respectfully refers the Court to Reg NMS for its full content and context. NYSE denies any remaining allegations in Paragraph 123.

124.    Paragraph 124 alleges a hypothetical scenario to which no response is required. To the extent an answer is required, NYSE denies the allegations in Paragraph 124.

125.    NYSE denies the allegations in Paragraph 125.

126.    NYSE denies the allegations in Paragraph 126.

127.    NYSE denies the allegations in Paragraph 127.

128.    To the extent that Paragraph 128 references the views of Congress and the SEC as expressed by Congressional or SEC documents, NYSE states that those Congressional or SEC documents speak for themselves, denies any characterizations thereof, and respectfully refers the Court to those Congressional or SEC documents for their full content and context.  NYSE denies any remaining allegations in Paragraph 128.

129.    NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 129.

130.    NYSE denies the allegations in Paragraph 130.

131.    The allegations in Paragraph 131 state legal conclusions or arguments to which no response is required.  To the extent an answer is required, NYSE denies the allegations in Paragraph 131.

132.    NYSE denies the allegations in Paragraph 132.

133.     To the extent that Paragraph 133 references Rule 610 and its drafting history, NYSE states that (i) Paragraph 133 states legal conclusions or arguments to which no response is required and (ii) Rule 610 and its drafting history speak for themselves, denies any characterizations thereof, and respectfully refers the Court to Rule 610 and its drafting history for their full content and context.  NYSE denies any remaining allegations in Paragraph 133.

134.     To the extent that Paragraph 134 critiques the SEC's implementation of Reg NMS, it states legal conclusions or arguments to which no response is required.  NYSE denies any remaining allegations in Paragraph 134.

135.     NYSE denies the allegations in Paragraph 135.

136.     NYSE denies the allegations in Paragraph 136.

137.     NYSE denies the allegations in Paragraph 137.

138.     NYSE denies the allegations in Paragraph 138.

139.     To the extent that Paragraph 139 references statements Plaintiffs attribute to the then-Executive Vice President of Global Sales for NYSE Euronext, NYSE states that those statements speak for themselves, denies any characterizations thereof, and respectfully refers the Court to those statements for their full content and context.  NYSE denies any remaining allegations in Paragraph 139.

140.     NYSE denies the allegations in Paragraph 140.

141.     To the extent that Paragraph 141 references statements Plaintiffs attribute to two former exchange employees, NYSE states that those statements speak for themselves, denies any characterizations thereof, and respectfully refers the Court to those statements for their full content and context.  NYSE denies any remaining allegations in Paragraph 141.

142.     NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 142 that concern Defendant BATS Global Markets, Inc.  NYSE denies the remaining allegations in Paragraph 142.

143.     To the extent that Paragraph 143 references a document relating to a fine imposed by the SEC on ARCA, NYSE states that that document speaks for itself, denies any

characterizations thereof, and respectfully refers the Court to that document for its full content and context.  NYSE denies any remaining allegations in Paragraph 143.

144.    NYSE denies the allegations in Paragraph 144.

145.    NYSE denies the allegations in Paragraph 145.

146.    NYSE denies the allegations in Paragraph 146.

147.    NYSE denies the allegations in Paragraph 147.

148.    NYSE denies the allegations in Paragraph 148.

149.    NYSE denies the allegations in Paragraph 149.

150.    NYSE denies the allegations in Paragraph 150 to the extent they are directed at NYSE, and otherwise denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 150.

151.    NYSE denies the allegations in Paragraph 151.

152.    NYSE denies the allegations in Paragraph 152.

153.    NYSE denies the allegations in Paragraph 153.

154.    NYSE denies the allegations in Paragraph 154.

155.    Paragraph 155 alleges a hypothetical scenario to which no response is required. To the extent an answer is required, NYSE denies the allegations in Paragraph 155.

156.    NYSE denies the allegations in Paragraph 156.

157.    NYSE denies the allegations in Paragraph 157.

158.    NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 158.

159.    NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 159.

160.    NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 160.

161.    NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 161.

162.    NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 162.

163.    NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 163.

164.    NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 164.

165.    NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 165.

166.    NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 166.

167.    NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 167.

168.    NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 168.

169.    NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 169.

170.    NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 170.

171.    NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 171.

172.    NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 172.

173.    To the extent that Paragraph 173 references an order type that was described in a rule filing by NYSE Arca, Inc., NYSE states that that rule filing speaks for itself, denies any characterizations thereof, and respectfully refers the Court to that rule filing for its full content and context.  NYSE denies any remaining allegations in Paragraph 173.

174.    NYSE states that an NYSE Arca, Inc. PNP ALO B order is undisplayed if it locks an away market or crosses the contra-side PBBO.  NYSE states that no response is required to the allegations in Paragraph 174 that state a hypothetical scenario and otherwise denies any remaining allegations in Paragraph 174.

175.    To the extent that Paragraph 175 references a rule filing by NYSE Arca, Inc., NYSE states that that rule filing speaks for itself, denies any characterizations thereof, and respectfully refers the Court to that rule filing for its full content and context.  NYSE denies the remaining allegations in Paragraph 175.

176.    To the extent that Paragraph 176 references CHX Article 1, Rule 2, NYSE states that CHX Article 1, Rule 2 speaks for itself, denies any characterizations thereof, and respectfully refers the Court to CHX Article 1, Rule 2 for its full content and context.  NYSE denies any remaining allegations in Paragraph 176.

177.    To the extent that Paragraph 177 references CHX Article 1, Rule 2 and the "Order Types and Modifiers" page of Chicago Stock Exchange, Inc.'s website, NYSE states that those documents speak for themselves, denies any characterizations thereof, and respectfully refers the Court to those documents for their full content and context.  NYSE denies any remaining allegations in Paragraph 177.

178.    NYSE denies the allegations in Paragraph 178.

179.    NYSE states that Paragraph 179 alleges that CHX non-routable orders that achieve queue priority "could" have a certain effect, not that any such orders do have that effect.  Paragraph 179 thus alleges a hypothetical scenario to which no response is required.  To the extent a response is required, NYSE denies the allegations in Paragraph 179.

180.    The allegations in Paragraph 180 state legal conclusions or arguments to which no response is required.  To the extent an answer is required, NYSE denies the allegations in Paragraph 180.

181.    NYSE denies the allegations in Paragraph 181.

182.     The allegations in Paragraph 182 state legal conclusions or arguments to which no response is required.  To the extent an answer is required, NYSE states that the allegations in Paragraph 182 concern Rule 611, SEC documents explaining its design, and pre-Rule 611 rules relating to "trade-through" scenarios; NYSE states that those documents speak for themselves, denies any characterizations thereof, and respectfully refers the Court to those documents for their full content and context.  NYSE denies the remaining allegations in Paragraph 182.

183.     The allegations in Paragraph 183 state legal conclusions or arguments to which no response is required.  To the extent an answer is required, NYSE states that the allegations in Paragraph 183 concern Rule 611, SEC documents explaining its design, and pre-Rule 611 rules relating to "trade-through" scenarios; NYSE states that those documents speak for themselves, denies any characterizations thereof, and respectfully refers the Court to those documents for their full content and context.  NYSE denies the remaining allegations in Paragraph 183.

184.     NYSE denies the allegations in Paragraph 184.

185.     NYSE denies the allegations in Paragraph 185.

186.     NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 186.

187.     NYSE denies the allegations in Paragraph 187.

188.     NYSE denies the allegations in Paragraph 188.

189.     NYSE denies the allegations in Paragraph 189.

190.     NYSE states that the NYSE Arca, Inc., Chicago Stock Exchange, Inc., and New York Stock Exchange LLC rule filings speak for themselves, denies any characterizations thereof, and respectfully refers the Court to those rule filings for their full content and context of what order types and modifiers were available, and otherwise denies knowledge and information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 190.

191.     NYSE denies the allegations in Paragraph 191.

192.     NYSE denies the allegations in Paragraph 192.

193.     NYSE denies the allegations in Paragraph 193.

194.    NYSE denies the allegations in Paragraph 194.

195.    NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 195.

196.    NYSE denies the allegations in Paragraph 196.

197.    NYSE denies the allegations in Paragraph 197.

198.    NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 198.

199.    NYSE denies the allegations in Paragraph 199.

200.    NYSE denies the allegations in Paragraph 200.

201.    To the extent that Paragraph 201 references a statement by the then-SEC Chairwoman, NYSE states that that statement speaks for itself, denies any characterizations thereof, and respectfully refers the Court to that statement for its full content and context.  NYSE denies any remaining allegations in Paragraph 201.

202.    To the extent that Paragraph 202 references Clarification Documents, NYSE states that those documents speak for themselves, denies any characterizations thereof, and respectfully refers the Court to those documents for their full content and context.  NYSE denies any remaining allegations in Paragraph 202.

203.    To the extent that Paragraph 203 references Clarification Documents submitted by NYSE, NYSE states that those documents speak for themselves, denies any characterizations thereof, respectfully refers the Court to those documents for their full content and context, and denies any remaining allegations relating to such Clarification Documents.  With respect to the remaining allegations in Paragraph 203, NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of those allegations.

204.    NYSE admits the first sentence in Paragraph 204.  NYSE denies the second sentence in Paragraph 204.

205.    To the extent that Paragraph 205 references Release No. 34-72548, NYSE states that Release No. 34-72548 speaks for itself, denies any characterizations thereof, and

respectfully refers the Court to Release No. 34-72548 for its full content and context.  NYSE denies sufficient knowledge or information to form a belief as to the truth or falsity of any remaining allegations in Paragraph 205.

206.    To the extent that Paragraph 206 references the SEC's approval order, NYSE states that that document speaks for itself, denies any characterizations thereof, and respectfully refers the Court to that document for its full content and context.  NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of any remaining allegations in Paragraph 206.

207.    NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 207 that concern Defendants other than New York Stock Exchange LLC, NYSE Arca, Inc., and Chicago Stock Exchange, Inc.  NYSE denies the remaining allegations in Paragraph 207.

208.    NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 208.

209.    NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 209.

210.    NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 210.

211.    NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 211.

212.    NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 212.

213.    NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 213.

214.    NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 214.

215.     NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 215.

216.     To the extent that Paragraph 216 references CHX Article 1, Rule 2, NYSE states that that document speaks for itself, denies any characterizations thereof, and respectfully refers the Court to CHX Article 1, Rule 2 for its full content and context.  NYSE denies any remaining allegations in Paragraph 216.

217.     To the extent that Paragraph 217 references CHX Article 1, Rule 2 and the "Order Types and Modifiers" page on the CHX website, NYSE states that those documents speak for themselves, denies any characterizations thereof, and respectfully refers the Court to those documents for their full content and context.  NYSE denies any remaining allegations in Paragraph 217.

218.     NYSE denies the allegations in Paragraph 218.

219.     To the extent that Paragraph 219 references the CHX Proposed Rule Change, NYSE states that that document speaks for itself, denies any characterizations thereof, and respectfully refers the Court to the CHX Proposed Rule Change document for its full content and context.  NYSE denies any remaining allegations in Paragraph 219.

220.     To the extent that Paragraph 220 references the CHX Proposed Rule Change, NYSE states that that document speaks for itself, denies any characterizations thereof, and respectfully refers the Court to the CHX Proposed Rule Change document for its full content and context.  NYSE denies any remaining allegations in Paragraph 220.

221.     To the extent that Paragraph 221 references the CHX Proposed Rule Change, NYSE states that the CHX Proposed Rule Change speaks for itself, denies any characterizations thereof, and respectfully refers the Court to the CHX Proposed Rule Change for its full content and context.  NYSE denies any remaining allegations in Paragraph 221.

222.     To the extent that Paragraph 222 references the CHX Proposed Rule Change, NYSE states that the CHX Proposed Rule Change speaks for itself, denies any characterizations

thereof, and respectfully refers the Court to the CHX Proposed Rule Change for its full content and context. NYSE denies any remaining allegations in Paragraph 222.

223. NYSE denies the allegations in Paragraph 223.

224. To the extent that Paragraph 224 references a document in writing, NYSE states that this document speaks for itself, denies any characterizations thereof, and respectfully refers the Court to said document for its full content and context. NYSE denies any remaining allegations in Paragraph 224.

225. NYSE denies the allegations in Paragraph 225.

226. NYSE denies the allegations in Paragraph 226.

227. NYSE denies the allegations in Paragraph 227.

228. NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 228.

229. NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 229.

230. NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 230.

231. NYSE denies the allegations in Paragraph 231.

232. To the extent that Paragraph 232 references a document in writing, NYSE states that this document speaks for itself, denies any characterizations thereof, and respectfully refers the Court to said document for its full content and context. NYSE denies knowledge or information sufficient to form a belief regarding the remaining allegations in Paragraph 232.

233. NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 233.

234. To the extent that Paragraph 234 references a document in writing, NYSE states that this document speaks for itself, denies any characterizations thereof, and respectfully refers the Court to said document for its full content and context. NYSE denies any remaining allegations in Paragraph 234.

235.     NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 235.

236.     NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 236.

237.     NYSE denies the allegations in Paragraph 237.

238.     NYSE denies the allegations in Paragraph 238.

239.     To the extent that Paragraph 239 references NYSE former Rule 92, FINRA Rule 5320 Information Memo No. 80-38, and NYSE Rule 476, NYSE states that NYSE former Rule 92, FINRA Rule 5320 Information Memo No. 80-38, and NYSE Rule 476 speak for themselves, denies any characterization thereof, and respectfully refers the Court to NYSE former Rule 92, FINRA Rule 5320 Information Memo No. 80-38, and NYSE Rule 476 for their full content and context.  NYSE denies any remaining allegations in Paragraph 239.

240.     NYSE denies the allegations in Paragraph 240.

241.     NYSE states that trade executions, market data, and co-location services are joint products that collectively contribute to each exchange's competitive position as a platform; all NYSE exchange revenue is used to further that exchange's business.  NYSE denies any remaining allegations in Paragraph 241.

242.     NYSE denies the allegations in Paragraph 242.

243.     NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 243.

244.     NYSE denies the allegations in Paragraph 244.

245.     NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 245.

246.     NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 246.

247.     NYSE denies the allegations in Paragraph 247.

248.     NYSE denies the allegations in Paragraph 248.

249.     Paragraph 249 states a hypothetical argument to which no response is required. To the extent an answer is required, NYSE denies the allegations in Paragraph 249.

250.     The allegations in Paragraph 250 state legal conclusions or arguments to which no response is required.  To the extent an answer is required, NYSE denies the allegations in Paragraph 250.

251.     NYSE denies the allegations in Paragraph 251.

252.     NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 252.

253.     NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 253.

254.     NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 254.

255.     NYSE denies the allegations in Paragraph 255.

256.     NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 256.

257.     NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 257.

258.     NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 258.

259.     NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 259.

260.     NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 260.

261.     NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 261.

262.     NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 262.

263.     NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 263.

264.     The allegations in Paragraph 264 state legal conclusions or arguments to which no response is required.  To the extent an answer is required, NYSE denies the allegations in Paragraph 264.

265.     To the extent that Paragraph 265 references a written SEC press release, NYSE states that that document speaks for itself, denies any characterizations thereof, and respectfully refers the Court to that document for its full content and context.  NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the remaining allegations in Paragraph 265.

266.     To the extent that Paragraph 266 references a written SEC document, NYSE states that that document speaks for itself, denies any characterizations thereof, and respectfully refers the Court to that document for its full content and context.  NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the remaining allegations in Paragraph 266.

267.     NYSE admits that Plaintiffs have accurately quoted and described FINRA Rules 5270 and Rule 5320.  With respect to the remaining allegations in Paragraph 267, NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of those allegations.

268.     NYSE denies the allegations in Paragraph 268 regarding NYSE.  NYSE denies knowledge or information sufficient to form a belief regarding the remaining allegations of Paragraph 268.

269.     NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 269.

270.     NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 270.

271.    NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 271.

272.    NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 272.

273.    NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 273.

274.    NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 274.

275.    NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 275.

276.    NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 276.

277.    NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 277.

278.    NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 278.

279.    NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 279.

280.    To the extent that Paragraph 280 references a document in writing, NYSE states that this document speaks for itself, denies any characterizations thereof, and respectfully refers the Court to said document for its full content and context.  NYSE denies any remaining allegations in Paragraph 280.

281.    NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 281.

282.    To the extent that Paragraph 282 references a document in writing, NYSE states that this document speaks for itself, denies any characterizations thereof, and respectfully refers

the Court to said document for its full content and context.  NYSE denies any remaining allegations in Paragraph 282.

283.    To the extent that Paragraph 283 references a document in writing, NYSE states that this document speaks for itself, denies any characterizations thereof, and respectfully refers the Court to said document for its full content and context.  NYSE denies any remaining allegations in Paragraph 283.

284.    To the extent that Paragraph 284 references a document in writing, NYSE states that this document speaks for itself, denies any characterizations thereof, and respectfully refers the Court to said document for its full content and context.  NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the remaining allegations in Paragraph 284.

285.    To the extent that Paragraph 285 references a document in writing, NYSE states that this document speaks for itself, denies any characterizations thereof, and respectfully refers the Court to said document for its full content and context.  NYSE denies any remaining allegations in Paragraph 285.

286.    To the extent that Paragraph 286 references a document in writing, NYSE states that this document speaks for itself, denies any characterizations thereof, and respectfully refers the Court to said document for its full content and context.  NYSE denies any remaining allegations in Paragraph 286.

287.    NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 287.

288.    To the extent that Paragraph 288 references Senate testimony by Mr. Sprecher and Mr. Farley, NYSE states that their testimony speaks for itself, denies any characterizations thereof, and respectfully refers the Court to that testimony for its full content and context.  NYSE denies any remaining allegations in Paragraph 288.

289.    NYSE denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 289.

290.     NYSE denies the allegations in Paragraph 290.

291.     NYSE denies the allegations in Paragraph 291.

292.     The allegations in Paragraph 292 state legal conclusions or arguments to which no response is required.  To the extent an answer is required, NYSE denies the allegations in Paragraph 292 and denies that the SEC has any authority to create boundaries for SRO immunity.

293.     NYSE denies the allegations in Paragraph 293.

294.     The allegations in Paragraph 294 state legal conclusions or arguments to which no response is required.  To the extent an answer is required, NYSE denies the allegations in Paragraph 294.

## COUNT I

### Violation of §10(b) of the Exchange Act and Rule 10b-5

### Against All Defendants

295.     NYSE repeats each of the foregoing responses as if fully set forth herein.

296.     NYSE denies the allegations in Paragraph 296.

297.     NYSE denies the allegations in Paragraph 297.

298.     NYSE denies the allegations in Paragraph 298.

299.     NYSE denies the allegations in Paragraph 299.

300.     NYSE denies the allegations in Paragraph 300.

301.     NYSE denies the allegations in Paragraph 301.

302.     NYSE denies the allegations in Paragraph 302.

## COUNT II

### Violation of §6(b) of the Exchange Act

### Against the Exchanges

303.     NYSE repeats each of the foregoing responses as if fully set forth herein but notes that Plaintiffs' Section 6 claim has been dismissed with prejudice.

304.     NYSE admits that Plaintiffs have accurately quoted Section 6(a) and (b) of the Exchange Act in Paragraph 304 but notes that Plaintiffs' Section 6 claim has been dismissed with prejudice.

305.     NYSE admits that its exchanges are national securities exchanges registered with the SEC under Section 6 of the Exchange Act.  The remaining allegations in Paragraph 305 state legal conclusions or arguments to which no response is required.  To the extent an answer is required, NYSE denies the allegations in Paragraph 305 and notes that Plaintiffs' Section 6 claim has been dismissed with prejudice.

306.     NYSE denies the allegations in Paragraph 306 and notes that Plaintiffs' Section 6 claim has been dismissed with prejudice.

307.     The allegations in Paragraph 307 state legal conclusions or arguments to which no response is required.  To the extent an answer is required, NYSE denies the allegations in Paragraph 307 and notes that Plaintiffs' Section 6 claim has been dismissed with prejudice.

308.     NYSE denies the allegations in Paragraph 308 and notes that Plaintiffs' Section 6 claim has been dismissed with prejudice.

## PRAYER FOR RELIEF:

NYSE denies the allegations in Plaintiffs' Prayer for Relief, denies that Plaintiffs are entitled to any relief, and denies that Plaintiffs' Section 10(b) claim is appropriate for class treatment.[2]

## AFFIRMATIVE AND OTHER DEFENSES

NYSE hereby reasserts all defenses raised in its Motion to Dismiss the Second Consolidated Amended Complaint and in its Renewed Motion to Dismiss the Second Consolidated Amended Complaint, and also asserts the following Defenses:

---

[2]     For the avoidance of doubt, NYSE denies all allegations set forth in headings or footnotes in the Second Consolidated Amended Complaint.

## FIRST DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted against NYSE.

## SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations and repose.

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs failed to take steps to mitigate their alleged damages, including that Plaintiffs continued to trade on the Exchanges' markets after allegedly learning of the supposed manipulation.

## FOURTH DEFENSE

Plaintiffs' claims are barred by the doctrines of waiver, ratification, acquiescence, laches, unclean hands, and estoppel.

## FIFTH DEFENSE

Plaintiffs lack Article III and statutory standing to bring their claims.

## SIXTH DEFENSE

Plaintiffs' claims are barred by principles of preemption and preclusion in light of Congressional enactments and SEC regulations.

## SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the alleged damages, if any, are speculative and impossible to ascertain.

## EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that other parties not named in the Second Consolidated Amended Complaint may be indispensable parties to this action because they effected the transactions that allegedly injured Plaintiffs.

## NINTH DEFENSE

This case cannot be certified as a class action under Fed. R. Civ. P. 23.

### TENTH DEFENSE

Plaintiffs' claims are barred because NYSE is absolutely immune from private damages suits, such as this one, challenging conduct that is undertaken in connection with the discharge of its regulatory responsibilities as a self-regulatory organization under the Exchange Act.

### ELEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to allege that NYSE committed a primary violation of Section 10 of the Exchange Act and Rule 10b-5, and Plaintiffs may not assert a private cause of action for aiding and abetting an alleged violation of Section 10 and Rule 10b-5.

### TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs cannot plead or prove fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(b)(1), and otherwise have failed to properly identify the alleged false or misleading statements of which Plaintiffs complain or to explain why those statements were false.

### THIRTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because NYSE acted with reasonable care with respect to the matters alleged to have been misrepresented in or misleadingly omitted from NYSE's descriptions of the challenged products and services.  NYSE had reasonable ground to believe, and did believe, at the time of the descriptions regarding the nature and characteristics of the challenged products and services, that the statements contained therein were true and did not contain omissions of material fact.

### FOURTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any damages recoverable by Plaintiffs must be reduced and/or offset by the gains received by Plaintiffs as a result of the challenged conduct.

### FIFTEENTH DEFENSE

As applied to this case, class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure fails to provide adequate due process protections for NYSE and would violate the Rules Enabling Act, 28 U.S.C. § 2072, inasmuch as it would constitute trial by formula and unfairly restrict NYSE's right to litigate affirmative defenses to the individual claims of Plaintiffs and each member of the putative class and therefore would deny NYSE due process protections guaranteed by the United States Constitution.

### SIXTEENTH DEFENSE

NYSE is informed and believes, and on that basis alleges, that if and to the extent that its descriptions of the challenged products and services are determined to have contained false or misleading statements (which NYSE denies), Plaintiffs either knew or should have known about the matters alleged in the Second Consolidated and Amended Complaint, and their own negligence or other fault proximately contributed to the injuries allegedly suffered by Plaintiffs from the purchase and sale of stocks on NYSE exchanges, and bars any recovery to the extent thereof.

### SEVENTEENTH DEFENSE

NYSE expressly denies that it engaged in any unlawful conduct and states that all or part of the damages alleged in the Second Consolidated and Amended Complaint, if they occurred, were caused by independent, intervening, and/or superseding events beyond NYSE's control and unrelated to NYSE's conduct, and/or by the policies, practices, acts, or omissions of independent persons or entities for whose conduct NYSE is not legally responsible. Plaintiffs' alleged damages, if any, are therefore not recoverable from NYSE. In the alternative, any damages that Plaintiffs might be entitled to recover against NYSE, if any, must be reduced to the extent that such damages are attributable to the intervening acts and/or omissions of persons or entities other than NYSE.

## EIGHTEENTH DEFENSE

NYSE is informed and believes, and on that basis alleges, that Plaintiffs' claims against NYSE are barred in whole or in part by their own actions, omissions, and/or negligence.

## NINETEENTH DEFENSE

NYSE is informed and believes, and on that basis alleges, that Plaintiffs' claims against NYSE are barred in whole or in part because of the contribution of or the comparative fault and contributory negligence of Plaintiffs or other entities or persons.

## TWENTIETH DEFENSE

NYSE is entitled to recover contribution from others for any liability NYSE incurs as a result of any of the alleged misrepresentations, omissions, and conduct alleged in the claims against NYSE.

## TWENTY-FIRST DEFENSE

NYSE adopts by reference any applicable defense pled by any other defendant not expressly set forth herein.

IN ADDITION, by asserting the above defenses as "affirmative or other," NYSE does not waive or change any burden of proof allocated to Plaintiffs by law or practice, including all relevant statutes and rules of procedure.

NYSE hereby gives notice that it intends to rely upon any additional defenses that become available or apparent during the course of this litigation, and reserves the right to amend this Answer to assert such additional defenses.

WHEREFORE, for the foregoing reasons, NYSE denies liability and requests judgment:

    a.  Dismissing the Second Consolidated Amended Complaint with prejudice;

    b.  Awarding NYSE its costs of suit, including attorneys' fees, incurred in defending this action; and

    c.  Awarding NYSE such other and further relief as the Court deems just and proper.

Dated: July 25, 2019

Respectfully submitted,

*/s/ Douglas W. Henkin*
Douglas W. Henkin
Justine N. Margolis
Kiran Patel
Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 768-6700
douglas.henkin@dentons.com
justine.margolis@dentons.com
kiran.patel@dentons.com

Stephen J. Senderowitz
Dentons US LLP
233 South Wacker Drive, Suite 5900
Chicago, IL 60606
(312) 876-8000
stephen.senderowitz@dentons.com

*Counsel for Defendants New York Stock Exchange LLC, NYSE Arca, Inc., and Chicago Stock Exchange, Inc.*